Hillsborough, }
    Dec., 1899.  }

### STATE v. COLLINS.

The statute prohibiting the sale of oleomargarine unless the substance is of some color other than that of yellow butter is not in conflict with the constitution of this state.

When it is uncertain whether a statute of this state is in violation of the constitution of the United States, a criminal prosecution thereunder will ordinarily be sustained in order that the question may be determined by the federal courts.

INDICTMENT, charging the defendant with selling a package of oleomargarine of the same color as yellow butter, in violation of section 1, chapter 115, Laws 1895. Trial by jury and verdict of guilty.

The defendant is the agent in this state of Swift & Co., an Illinois corporation engaged in the manufacture of oleomargarine in that state. They ship some of their product to him at Manchester in this county, where he sells it in the original packages as ther agent. They have complied with all the provisions of law, state and national, relative to its sale, except that of this state respecting color; and it is impossible for them to comply with that and sell their product.

Oleomargarine is manufactured and sold as a substitute for butter, contains no unwholesome ingredient, is known and dealt in as an article of food, and is of the color of yellow butter, the coloring matter used being the same as that employed to color butter. There was no deception in this sale, which was made in the ordinary course of business.

Upon the foregoing facts the court overruled the defendant's motion to direct a verdict in his favor, and he excepted.

*James P. Tuttle*, solicitor, for the state.

*Harry E. Loveren*, for the defendant.

YOUNG, J. The statute upon which this indictment is founded is not in conflict with the constitution of this state (*State* v. *Marshall*, 64 N. H. 549); and for the reasons given in *State* v. *Collins*, 67 N. H. 540, the federal question is not considered. *Plumley* v. *Massachusetts*, 155 U. S. 461; *Collins* v. *New Hampshire*, 171 U. S. 30.

*Exception overruled.*

CHASE, J., did not sit: the others concurred.